WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00265-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Israel Torres, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss the Indictment (Doc. 25). The Court now rules on the motion.

**I.    BACKGROUND**

On February 21, 2017, Israel Torres ("Defendant") was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 6). Defendant was previously convicted for felony Aggravated DUI in both 2004 and 2010. (Doc. 25 at 2). Count one of the instant Indictment (Doc. 6) alleges that Defendant possessed a Colt .45 caliber pistol between January 5, 2017 and January 10, 2017 based on visual evidence obtained through Facebook and Instagram posts. (*See* Doc. 25 at 2). Count two of the Indictment (Doc. 6) alleges that Defendant possessed 10 total firearms seized from Defendant's residence during the execution of a search warrant on February 17, 2017. (*See* Doc. 25 at 2). Here, Defendant moves to dismiss arguing that "the charged statute, 18 U.S.C. § 922(g)(1), unconstitutionally burdens his right under the Second Amendment to keep and bear arms." (*Id*. at 1). Specifically, Defendant argues that—

while he satisfied the elements of being a felon in possession of firearms—the categorical prohibition on felon possession contained in 18 U.S.C. § 922(g)(1) is unconstitutional as applied to those convicted of only non-violent felonies, which were not contemplated at the time of the ratification of the Second Amendment. (Doc. 25 at 4).

**II.     ANALYSIS**

In *McDonald v. City of Chicago*, the United States Supreme Court provided that the individual right recognized by the Second Amendment to keep and bear arms is "fundamental to the American scheme of ordered liberty and deeply rooted in this Nation's history and traditions." 561 U.S. 742, 746 (2010) (internal quotation marks and citation omitted). The Supreme Court, however, has also observed that "[l]ike most rights, the Second Amendment right is not unlimited." *D.C. v. Heller*, 554 U.S. 570, 626 (2008). The Second Amendment right may be restricted by "presumptively lawful regulatory measures," including "longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]" *Id.* at 626-27 n.26.

Here, Defendant concedes "that a facial challenge to 18 U.S.C. § 922(g)(1) is likely foreclosed by *Heller*," but seeks to mount an as-applied Second Amendment challenge to the law.[1] (Doc. 25 at 4). Defendant argues that the Supreme Court's decision in *Heller* implies that the prohibition on felon possession is a rebuttable presumption and, therefore, subject to an as-applied challenge. (*Id.*). While several U.S. Courts of Appeal have permitted as-applied challenges in this context,[2] the Ninth Circuit has not. *See United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (holding that the

---

[1] This Court agrees that *Heller* forecloses the possibility of a facial challenge by explicitly listing the prohibition on felon possession as an example of a "presumptively lawful" regulation. 554 U.S. 570, 626-27 n.26.

[2] *See, e.g.*, *United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010) ("*Heller* referred to felon disarmament bans only as 'presumptively lawful,' which, by implication, means that there must exist the possibility that the ban could be unconstitutional in the face of an as-applied challenge."); *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011) ("given the 'presumptively lawful' reference in *Heller*—the Supreme Court may be open to claims that some felonies do not indicate potential violence and cannot be the basis for applying a categorical ban"); *United States v. Pruess*, 703 F.3d 242, 244-47 (4th Cir. 2012) (entertaining but rejecting an as-applied challenge to § 922(g)(1) by a felon).

prohibition on felon possession in 18 U.S.C. § 922(g)(1) does not violate the Second Amendment because, in part, "felons are categorically different from the individuals who have a fundamental right to bear arms"); *see also United States v. Phillips*, 827 F.3d 1171, 1174 (9th Cir. 2016) (holding that the Ninth Circuit's decision in *Vongxay* "forecloses" a defendant's argument that his non-violent felony conviction cannot constitutionally serve as a predicate for a conviction under §922(g)(1)). Although the Ninth Circuit did explain that "there are good reasons to be skeptical of the constitutional correctness of categorical, lifetime bans on firearm possession by *all* 'felons,'" binding precedent forecloses Defendant's argument before this Court. *Phillips*, 827 F.3d at 1174 (emphasis in original).[3]

Defendant further "contends that [*Vongxay* and *Phillips*] are wrongly decided" to the extent that they foreclose an as-applied challenge to 18 U.S.C. § 922(g)(1) because those cases effectively apply rational basis scrutiny regulations burdening the Second Amendment right, which *Heller* rejected as an insufficiently low level of scrutiny. (Doc. 25 at 9 (citing *Heller*, 554 U.S. at 628 n.27)). Defendant also argues that those cases effectively deem the presumption that a prohibition on felon possession is constitutionally valid to be irrebuttable, which contradicts the Supreme Court's reasoning in *Heller*. (*Id.* (citing *Heller*, 554 U.S. at 626-27 n.26)). This Court need not and may not fully resolve those arguments because "a district court [is] bound to follow the reasoning of prior circuit authority unless it ha[s] been 'effectively overrule[d]' or [is] 'clearly irreconcilable' with higher authority[.]" *Lopez v. Ryan*, CV-97-224-TUC-CKJ, 2015 WL 5817642, at *17 (D. Ariz. Oct. 6, 2015) (citing *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740–41 (9th Cir. 2009). Rather, "a decision by a panel of [the Ninth Circuit] is binding unless it is overruled by the court en banc or by the U.S. Supreme Court."

---

[3] In *Phillips*, the Ninth Circuit also observed that *Heller* only endorsed "longstanding" regulations limiting the individual right to firearm possession and named prohibition of felon possession in the process, but "courts and scholars are divided over how 'longstanding' these bans really are." 827 F.3d at 1174; *see also* C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 HARV. J.L. & PUB. POL'Y 695, 708 (2009) (arguing that "one can with a good degree of confidence say that bans on convicts possessing firearms were unknown before World War I.").

*Rodriguez-Martinez v. Holder*, 498 Fed. Appx. 713, 714 (9th Cir. 2012) (citations omitted).

The Court observes that Defendant noted, in all candor, that "this Court may likely find that [Defendant's argument] is barred by current Ninth Circuit precedent," but Defendant "nevertheless files this motion to preserve his claims for appeal." (Doc. 25 at 1). That is precisely what this Court finds, as current Ninth Circuit precedent prevents this Court from entertaining an as-applied challenge to 18 U.S.C. § 922(g)(1) at this time. *See, e.g.*, *Vongxay*, 594 F.3d at 1114 ("Nothing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922(g)(1)"). The Ninth Circuit may, if it is so inclined, re-examine its holdings in *Vongxay* and *Phillips* en banc, in light of Defendant's arguments, but it is not the function of this Court to do so. Accordingly, this Court will not consider the merits of Defendant's as-applied challenge.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Israel Torres' Motion to Dismiss the Indictment (Doc. 25) is hereby **DENIED**.

Dated this 26th day of September, 2017.

James A. Teilborg
Senior United States District Judge